IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK and INTELLIGENT BIO-SYSTEMS, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 12-376-GMS |
| v. | ) ) | |
| ILLUMINA, | ) ) | |
| Defendant. | ) | |

**DEFENDANT ILLUMINA, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a)(3), Defendant Illumina, Inc. ("Illumina") hereby

answers the Amended Complaint of Plaintiffs The Trustees of Columbia University in the

City of New York and Intelligent Bio-Systems ("Plaintiffs") as follows:

**THE PARTIES**

1.      Columbia University is one of the world's leading institutions of higher education, located at 535 West 116th Street, New York, New York 10027.  It is a non-profit educational corporation formed by special act of the Legislature of the State of New York.

**ANSWER:**     Upon information and belief, Illumina admits that Columbia University is

an institution of higher education, located at 535 West 116th Street, New York, New

York, 10027.  Illumina is without sufficient knowledge to admit or deny the remaining

allegations of this paragraph, and on that basis denies them.

2.      IBS is a Delaware corporation having its principal place of business at 34 Bear Hill Road, Waltham, Massachusetts 02451.

**ANSWER:**     Upon information and belief, Illumina admits.

3.      Upon information and belief, Illumina is a Delaware corporation having its principal place of business at 5200 Research Place, San Diego, California 92122.

**ANSWER:**    Admits.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States of America, 35 U.S.C. §§ 1 *et seq.*

**ANSWER:**    Illumina admits that the Complaint purports to state an action arising under the patent laws of the United States of America, 35 U.S.C. § § 1 *et seq.*, but denies that the Complaint states any claim upon which relief may be granted.

5.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**    Admits.

6.      This Court has personal jurisdiction over Illumina because Illumina is incorporated in the State of Delaware, and has purposely availed itself of the privilege of conducting activities within this district. Illumina is also subject to general personal jurisdiction in this district because, upon information and belief, Illumina regularly and systematically conducts business in Delaware, including, *inter alia*, through its ongoing sales of products and services to customers located in the State of Delaware.  Upon information and belief, Illumina has been a defendant in other actions in this district and has not contested personal jurisdiction.

**ANSWER:**    Illumina admits that this Court has personal jurisdiction over Illumina. Illumina admits that it is subject to general personal jurisdiction in this district.  Illumina admits that it has sold products and services to at least one customer in the State of Delaware.  Illumina admits that it has been a defendant in other actions in this district and has not contested personal jurisdiction.  Illumina denies the remaining allegations of this paragraph.

7.      Venue is proper in this judicial district pursuant to 28
U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b).

**ANSWER:**     Illumina admits that venue is proper in this district.  Illumina denies that

venue in this district is the most convenient for the parties and witnesses or serves the

interests of justice in this action.

## CLAIM FOR RELIEF - PATENT INFRINGEMENT

8.      United States Patent No. 7,635,578 ("the '578 Patent")
(attached as Exhibit A), titled "Massive Parallel Method for Decoding
DNA and RNA", issued on December 22, 2009, in the name of inventors
Jingyue Ju, Zengmin Li, John Robert Edwards, and Yasuhiro Itagaki.

**ANSWER:**     Illumina admits that Plaintiffs attached what appears to be a copy of the

'578 Patent to the Complaint as Exhibit A.  Illumina admits that, on its face, Exhibit A

states that the '578 Patent is titled "Massive Parallel Method for Decoding DNA and

RNA," and shows an issue date of December 22, 2009.  Illumina admits that, on its face,

the '578 Patent states that it issued in the names of Jingyue Ju, Zengmin Li, John Robert

Edwards, and Yasuhiro Itagaki.

9.      United States Patent No. 7,713,698 ("the '698 Patent")
(attached as Exhibit B), titled "Massive Parallel Method for Decoding
DNA and RNA", issued on May 11, 2010, in the name of inventors
Jingyue Ju, Zengmin Li, John Robert Edwards, and Yasuhiro Itagaki.

**ANSWER:**     Illumina admits that Plaintiffs attached what appears to be a copy of the

'698 Patent to the Complaint as Exhibit B.  Illumina admits that, on its face, Exhibit B

states that the '698 Patent is titled "Massive Parallel Method for Decoding DNA and

RNA," and shows an issue date of May 11, 2010.  Illumina admits that, on its face, the

'698 Patent states that it issued in the names of Jingyue Ju, Zengmin Li, John Robert

Edwards, and Yasuhiro Itagaki.

10.      United States Patent No. 7,790,869 ("the '0869 Patent")
(attached as Exhibit C), titled "Massive Parallel Method for Decoding

DNA and RNA", issued on September 7, 2010, in the name of inventors Jingyue Ju, Zengmin Li, John Robert Edwards, and Yasuhiro Itagaki.

**ANSWER:**     Illumina admits that Plaintiffs attached what appears to be a copy of the

'0869 Patent to the Complaint as Exhibit C.  Illumina admits that, on its face, Exhibit C

states that the '0869 Patent is titled "Massive Parallel Method for Decoding DNA and

RNA," and shows an issue date of September 7, 2010.  Illumina admits that, on its face,

the '0869 Patent states that it issued in the names of Jingyue Ju, Zengmin Li, John Robert

Edwards, and Yasuhiro Itagaki.

        11.     United States Patent No. 7,883,869 ("the '3869 Patent")
(attached as Exhibit D), titled "Four-Color DNA Sequencing by Synthesis
Using Cleavable Fluorescent Nucleotide Reversible Terminators", issued
on February 8, 2011, in the name of inventors Jingyue Ju, Dae Hyun Kim,
Lanrong Bi, Qinglin Meng, and Xiaoxu Li.

**ANSWER:**     Illumina admits that Plaintiffs attached what appears to be a copy of the

'3869 Patent to the Complaint as Exhibit D.  Illumina admits that, on its face, Exhibit D

states that the '3869 Patent is titled "Four-Color DNA Sequencing by Synthesis Using

Cleavable Fluorescent Nucleotide Reversible Terminators," and shows an issue date of

February 8, 2011.  Illumina admits that, on its face, the '3869 Patent states that it issued in

the names of Jingyue Ju, Dae Hyun Kim, Lanrong Bi, Qinglin Meng, and Xiaoxu Li.

        12.     United States Patent No. 8,088,575 ("the '575 Patent")
(attached as Exhibit E), titled "Massive Parallel Method for Decoding
DNA and RNA", issued on January 3, 2012, in the name of inventors
Jingyue Ju, Zengmin Li, John Robert Edwards, and Yasuhiro Itagaki .

**ANSWER:**     Illumina admits that Plaintiffs attached what appears to be a copy of the

'575 Patent to the Complaint as Exhibit E.  Illumina admits that, on its face, Exhibit E

states that the '575 Patent is titled "Massive Parallel Method for Decoding DNA and

RNA," and shows an issue date of January 3, 2012.  Illumina admits that, on its face, the

'575 Patent states that it issued in the names of Jingyue Ju, Zengmin Li, John Robert

Edwards, and Yasuhiro Itagaki.

>13.     Hereinafter, the '578 Patent, '698 Patent, '0869 Patent, '3869
>Patent, and '575 Patent are referred to collectively as "the Ju Patents."

**ANSWER:**     No answer is required for this paragraph.

>14.     Columbia University is the assignee of all right, title, and
>interest in and to the Ju Patents.  IBS is the exclusive licensee of the Ju
>Patents.

**ANSWER:**     Illumina is without sufficient knowledge to admit or deny the allegations

in this paragraph, and on that basis denies them.

>15.     The Ju Patents cover next-generation sequencing ("NGS")
>technologies that allow the rapid and precise sequencing of DNA.  In
>particular, the Ju Patents disclose and claim a type of NGS technology
>called "sequencing by synthesis."  NGS technologies are used in a variety
>of medical and research applications, including identifying genes and
>polymorphisms associated with disease and with individual variability in
>drug response, and are important to ongoing genomics research and
>discovery, particularly in the emerging field of personalized medicine,
>which seeks to use a patient's own genomic DNA sequence information as
>the basis for individualized healthcare.

**ANSWER:**     Illumina is without sufficient knowledge to admit or deny the allegations

in this paragraph, and on that basis denies them.

>16.     Upon information and belief, Illumina has manufactured,
>used, offered for sale, sold and/or imported into the United States, and/or
>manufactures, uses, offers for sale, sells and/or imports into the United
>States, and/or will manufacture, use, offer for sale, sell and/or import into
>the United States, instruments ("NGS Instruments"), kits and reagents
>("NGS Kits and Reagents"), and services ("NGS Services") (collectively,
>"NGS Products") that use the NGS  technologies disclosed and claimed in
>the Ju Patents.

**ANSWER:**     Denies.

>17.     Upon information and belief, Illumina has offered for sale
>and sold, and/or offers for sale and sells and/or will offer for sale and sell,
>its NGS Products, directly or indirectly, to various users, including, but
>not limited to, the Illumina Certified Service Providers and Illumina Core

Labs (collectively, "Illumina's Customers") listed on Illumina's website
(see Exhibit F hereto), and other genome centers, academic and individual
researchers, corporations and clinical laboratories, who have used, use
and/or will use the NGS Products to perform DNA sequencing.

**ANSWER:**    Illumina admits that it has offered for sale and sold, and/or offers for sale

and sells and/or will offer for sale and sell sequencing products to various users,

including members of Illumina's Certified Service Providers program, members of

Illumina's Core Labs program, other genome centers, researchers, corporations and

clinical laboratories.  Illumina denies that those sequencing products infringe any of the

Ju Patents, and denies the remaining allegations contained in this paragraph.

18.    Upon information and belief, Illumina has included,
includes and/or will include with its NGS Products, instructions for their
use in performing DNA sequencing.

**ANSWER:**    Illumina admits that it has included, includes and/or will include

instructions to users of some of its sequencing products.   Illumina denies the remaining

allegations in this paragraph.

19.    Illumina's NGS Instruments include, but are not limited to,
the HiSeq 2500/1500, HiSeq 2000/1000, Genome Analyzer IIx, MiSeq
Personal Sequencer, and HiScanSQ products.

**ANSWER:**    Illumina admits that the HiSeq 2500/1500, HiSeq 2000/1000, Genome

Analyzer IIx, MiSeq Personal Sequencer, and HiScanSQ are Illumina instruments.

Illumina denies that such instruments use the NGS technologies disclosed and claimed in

the Ju Patents.

20.    Illumina's NGS Kits and Reagents include, but are not
limited to, the TruSeq SBS Kit v3-HS, TruSeq SBS Kit v5-GA, and
MiSeq Reagent Kit products.

**ANSWER:**    Illumina admits that the TruSeq SBS Kit v3-HS, TruSeq SBS Kit v5-GA,

and MiSeq Reagent Kit products are Illumina sequencing products.  Illumina denies that

such sequencing products use the NGS technologies disclosed and claimed in the Ju

Patents.

        21.      Illumina's NGS Services include, but are not limited to, the
Illumina Genome Network, Illumina Certified Service Provider (CSPro)
Program, and the Individual Genome Sequencing (IGS) services.

**ANSWER:**    Illumina admits that the Illumina Genome Network program is provided

by Illumina in cooperation with additional non-Illumina entities.  Illumina admits that the

Individual Genome Sequencing (IGS) service is an Illumina service.  Illumina denies that

such services use the NGS technologies disclosed and claimed in the Ju Patents.  Illumina

denies that the Illumina Certified Service Provider (CSPro) Program is an Illumina

service.  Illumina denies the remaining allegations of this paragraph.

        22.      Upon information and belief, beginning in or about 2009
and continuing to date, Illumina became aware of the patent applications
that matured into the Ju Patents and of the Ju Patents in connection with,
inter alia, performing due diligence investigations of those applications
and Patents in connection with discussions with IBS concerning the
possibility of acquiring IBS; monitoring the prosecution of those
applications; and providing prior art to IBS, which Columbia University
thereafter submitted to the Patent Office during prosecution of those
applications.

**ANSWER:**    Illumina admits that it became aware of at least some of the patent

applications that matured into the Ju Patents and of the Ju Patents in 2009, or on

or about at the time of their issue.  Illumina admits that it monitored at least some

of the prosecution of at least some of those applications and gave three prior art

references to IBS during the prosecution of U.S. App. Ser. No. 11/894,898.

Illumina denies that those three prior art references were cited to the USPTO

during the prosecution of all of the Ju Patents.  Illumina denies the remaining

allegations of this paragraph.

23.     Upon information and belief, Illumina had knowledge of the Ju Patents prior to commencing or continuing the commercialization of one or more of its NGS Products and/or has continued commercializing its NGS products after gaining knowledge of the Ju Patents.

**ANSWER:**     Illumina admits that it became aware of the patent applications that matured into the Ju Patents in 2009.  Illumina admits that it continues to commercialize its instruments, products, and services at the present.  Illumina denies that its instruments, products, and services use the NGS technologies disclosed and claimed in the Ju Patents.  Illumina is without sufficient knowledge to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

## COUNT 1
## Infringement of U.S. Patent No. 7,635,578

24.     Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1-23 above.

**ANSWER:**     Illumina incorporates herein by reference paragraphs 1-23 of its Answer.

25.     Illumina has infringed, is infringing and/or will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '578 Patent by manufacturing, using, offering for sale, selling and/or importing into the United States its NGS Products.

**ANSWER:**     Denies.

26.     Users of Illumina's NGS Products, including but not limited to Illumina's Customers, have infringed, are infringing and/or will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '578 Patent by using those products to perform DNA sequencing.

**ANSWER:**     Denies.

27.     Illumina has actively induced, is actively inducing and/or will actively induce, infringement, literally and/or under the doctrine of equivalents, of one or more claims of the '578 Patent, by offering for sale and selling its NGS Products and providing use instructions to users, including but not limited to Illumina's Customers, intending that those

users use the NGS products in a manner that infringes one or more claims
of the '578 Patent.

**ANSWER:**     Denies.

28.     Illumina has contributed to, is contributing to and/or will
contribute to, infringement, literally and/or under the doctrine of
equivalents, of one or more claims of the '578 Patent, by offering for sale
and selling its NGS Products to users, including but not limited to
Illumina's Customers, knowing that its NGS Products have been especially
made or adapted for use in an infringing manner, as evidenced by the '578
Patent's written description and the NGS Products' instructions for use.

**ANSWER:**     Denies.

29.     Each of Illumina's NGS Products constitutes or includes
one or more material parts of the claimed inventions of the Ju Patents, and
is not a staple article or commodity of commerce suitable for substantial
noninfringing use.

**ANSWER:**     Denies.

30.     Illumina's infringement of the '578 Patent has caused
Plaintiffs damage.

**ANSWER:**     Denies.

31.     Upon information and belief, Illumina's infringement of the
'578 Patent has been and will continue to be willful, justifying an award to
Plaintiffs of increased damages under 35 U.S.C. § 284, and attorneys' fees
and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ANSWER:**     Denies.

## COUNT 2
## Infringement of U.S. Patent No. 7,713,698

32.     Plaintiffs incorporate herein by reference the allegations set
forth in paragraphs 1-23 above.

**ANSWER:**     Illumina incorporates herein by reference paragraphs 1-31 of its

Answer.

33.     Illumina has infringed, is infringing and/or will infringe,
literally and/or under the doctrine of equivalents, one or more claims of

the '698 Patent by manufacturing, using, offering for sale, selling and/or importing into the United States its NGS Products.

**ANSWER:**   Denies.

34.   Users of Illumina's NGS Products, including but not limited to Illumina's Customers, have infringed, are infringing and/or will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '698 Patent by using those products to perform DNA sequencing.

**ANSWER:**   Denies.

35.   Illumina has actively induced, is actively inducing and/or will actively induce, infringement, literally and/or under the doctrine of equivalents, of one or more claims of the '698 Patent, by offering for sale and selling its NGS Products and providing use instructions to users, including but not limited to Illumina's Customers, intending that those users use the NGS Products in a manner that infringes one or more claims of the '698 Patent.

**ANSWER:**   Denies.

36.   Illumina has contributed to, is contributing to and/or will contribute to, infringement, literally and/or under the doctrine of equivalents, of one or more claims of the '698 Patent, by offering for sale and selling its NGS Products to users, including but not limited to Illumina's Customers, knowing that its NGS Products have been especially made or adapted for use in an infringing manner, as evidenced by the '698 Patent's written description and the NGS Products' instructions for use.

**ANSWER:**   Denies.

37.   Each of Illumina's NGS Products constitutes or includes one or more material parts of the claimed inventions of the Ju Patents, and it not a staple article or commodity of commerce suitable for substantial noninfringing use.

**ANSWER:**   Denies.

38.   Illumina's infringement of the '698 Patent has caused Plaintiffs damage.

**ANSWER:**   Denies.

39.   Upon information and belief, Illumina's infringement of the '698 Patent has been and will continue to be willful, justifying an award to

Plaintiffs of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ANSWER:**   Denies.

## COUNT 3
### Infringement of U.S. Patent No. 7,790,869

40.     Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1-23 above.

**ANSWER:**   Illumina incorporates herein by reference paragraphs 1-39 of its

Answer.

41.     Illumina has infringed, is infringing and/or will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '0869 Patent by manufacturing, using, offering for sale, selling and/or importing into the United States its NGS Products.

**ANSWER:**   Denies.

42.     Users of Illumina's NGS Products, including but not limited to Illumina's Customers, have infringed, are infringing and/or will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '0869 Patent by using those products to perform DNA sequencing.

**ANSWER:**   Denies.

43.     Illumina has actively induced, is actively inducing and/or will actively induce, infringement, literally and/or under the doctrine of equivalents, of one or more claims of the '0869 Patent, by offering for sale and selling its NGS Products and providing use instructions to users, including but not limited to Illumina's Customers, intending that those users use the NGS Products in a manner that infringes one or more claims of the '0869 Patent.

**ANSWER:**   Denies.

44.     Illumina has contributed to, is contributing to and/or will contribute to, infringement, literally and/or under the doctrine of equivalents, of one or more claims of the '0869 Patent, by offering for sale and selling its NGS Products to users, including but not limited to Illumina's Customers, knowing that its NGS Products have been especially made or adapted for use in an infringing manner, as evidenced by the

'0869 Patent's written description and the NGS Products' instructions for use.

**ANSWER:** Denies.

45. Each of Illumina's NGS Products constitutes or includes one or more material parts of the claimed inventions of the Ju Patents, and it not a staple article or commodity of commerce suitable for substantial noninfringing use.

**ANSWER:** Denies.

46. Illumina's infringement of the '0869 Patent has caused Plaintiffs damage.

**ANSWER:** Denies.

47. Upon information and belief, Illumina's infringement of the '0869 Patent has been and will continue to be willful, justifying an award to Plaintiffs of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ANSWER:** Denies.

## COUNT 4
## Infringement of U.S. Patent No. 7,883,869

48. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-23 above.

**ANSWER:** Illumina incorporates herein by reference paragraphs 1-47 of its

Answer.

49. Illumina has infringed, is infringing and/or will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '3869 Patent by manufacturing, using, offering for sale, selling and/or importing into the United States its NGS Products.

**ANSWER:** Denies.

50. Users of Illumina's NGS Products, including but not limited to Illumina's Customers, have infringed, are infringing and/or will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '3869 Patent by using those products to perform DNA sequencing.

**ANSWER:**   Denies.

51.   Illumina has actively induced, is actively inducing and/or will actively induce, infringement, literally and/or under the doctrine of equivalents, of one or more claims of the '3869 Patent, by offering for sale and selling its NGS Products and providing use instructions to users, including but not limited to Illumina's Customers, intending that those users use the NGS products in a manner that infringes one or more claims of the '3869 Patent.

**ANSWER:**   Denies.

52.   Illumina has contributed to, is contributing to and/or will contribute to, infringement, literally and/or under the doctrine of equivalents, of one or more claims of the '3869 Patent, by offering for sale and selling its NGS Products to users, including but not limited to Illumina's Customers, knowing that its NGS Products have been especially made or adapted for use in an infringing manner, as evidenced by the '3869 Patent's written description and the NGS Products' instructions for use.

**ANSWER:**   Denies.

53.   Each of Illumina's NGS Products constitutes or includes one or more material parts of the claimed inventions of the Ju Patents, and is a staple article or commodity of commerce suitable for substantial noninfringing use.

**ANSWER:**   Denies.

54.   Illumina's infringement of the '3869 Patent has caused Plaintiffs damage.

**ANSWER:**   Denies.

55.   Upon information and belief, Illumina's infringement of the '3869 Patent has been and will continue to be willful, justifying an award to Plaintiffs of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ANSWER:**   Denies.

## COUNT 5
## Infringement of U.S. Patent No. 8,088,575

56.   Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1-23 above.

**ANSWER:**    Illumina incorporates herein by reference paragraphs 1-55 of its

Answer.

57.    Illumina has infringed, is infringing and/or will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '575 Patent by manufacturing, using, offering for sale, selling and/or importing into the United States its NGS Products.

**ANSWER:**    Denies.

58.    Users of Illumina's NGS Products, including but not limited to Illumina's Customers, have infringed, are infringing and/or will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '575 Patent by using those products to perform DNA sequencing.

**ANSWER:**    Denies.

59.    Illumina has actively induced, is actively inducing and/or will actively induce, infringement, literally and/or under the doctrine of equivalents, of one or more claims of the '575 Patent, by offering for sale and selling its NGS Products and providing use instructions to users, including but not limited to Illumina's Customers, intending that those users use the NGS products in a manner that infringes one or more claims of the '575 Patent.

**ANSWER:**    Denies.

60.    Illumina has contributed to, is contributing to and/or will contribute to, infringement, literally and/or under the doctrine of equivalents, of one or more claims of the '575 Patent, by offering for sale and selling its NGS Products to users, including but not limited to Illumina's Customers, knowing that its NGS Products have been especially made or adapted for use in an infringing manner, as evidenced by the '575 Patent's written description and the NGS Products' instructions for use.

**ANSWER:**    Denies.

61.    Each of Illumina's NGS Products constitutes or includes one or more material parts of the claimed inventions of the Ju Patents, and is not a staple article or commodity of commerce suitable for substantial noninfringing use.

**ANSWER:**    Denies.

62.     Illumina's infringement of the '575 Patent has caused Plaintiffs damage.

**ANSWER:**     Denies.

63.     Upon information and belief, Illumina's infringement of the '575 Patent has been and will continue to be willful, justifying an award to Plaintiffs of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ANSWER:**     Denies.

## PRAYER FOR RELIEF

These paragraphs set forth the prayer for relief requested by Plaintiffs to which no response is required. Defendant denies that Plaintiffs are entitled to any of the requested relief and denies any allegations set forth in these paragraphs.

## AFFIRMATIVE DEFENSES

1.     Each of the claims for relief in the Complaint is barred, in whole or in part, because Illumina has not infringed and does not infringe any valid, enforceable claim of the '578, '698, '0869, '3869, and '575 Patents, either literally or by equivalents, under any theory, including direct infringement, infringement by inducement, or contributory infringement.

2.     Upon information and belief, each of the claims for relief in the Complaint is barred, in whole or in part, because each of the asserted claims of the '578, '698, '0869, '3869, and '575 Patents is invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation § § 101, 102, 103, and/or 112.

3.     Each of the claims for relief in the Complaint is barred, in whole or in part, under at least one of the doctrines of laches, estoppel, and/or waiver.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. § § 2201 and 2202, Illumina counterclaims against all of the Plaintiffs for declaratory judgments of invalidity and non-infringement of the patents asserted in the Complaint.

## PARTIES

1.      Illumina, Inc. is a Delaware corporation with its principal place of business at 5200 Research Place, San Diego, California 92122.

2.      Counterclaim Defendant Columbia University is a private university located in New York, New York.

3.      Upon information and belief, Counterclaim Defendant Intelligent Bio-Systems, Inc. is a Delaware Corporation having its principal place of business at 34 Bear Hill Road, Waltham, Massachusetts 02451.

## JURISDICTION AND VENUE

4.      Defendant's counterclaims arise under the United States patent laws, 35 U.S.C. § 100 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. § § 2201-2202.  As a result of Plaintiffs' Complaint, an actual and justiciable controversy exists between Defendant and Plaintiffs.

5.      The Court has subject matter jurisdiction over Defendant's counterclaims based on 28 U.S.C. § § 1331 and 1338(a) and (b).

6.      Plaintiffs are subject to personal jurisdiction in this District.

7.      Venue is proper in this judicial district based on 28 U.S.C. § § 1391 and 1400.

## COUNT I

## DECLARATORY JUDGMENT OF INVALIDITY

8.      Illumina incorporates ¶ ¶ 1-7 of its Counterclaim here.

9.      The Plaintiffs/Counterclaim Defendants have alleged that the '578, '698, '0869, '3869, and '575 Patents were assigned and/or exclusively licensed to them.

10.     There is an actual and justiciable controversy within the meaning of 28 U.S.C. § § 2201 and 2202 between Illumina and Plaintiffs/Counterclaim Defendants with respect to the validity of the '578, '698, '0869, '3869, and '575 Patents.

11.     Upon information and belief, the '578, '698, '0869, '3869, and '575 Patents are invalid because they fail to satisfy the conditions for patentability set forth in the Patent Act, 35 U.S.C. § § 1, *et seq.*, including but not limited to § § 101, 102, 103, and 112.

## COUNT II

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

12.     Illumina incorporates ¶ ¶ 1-11 of its Counterclaim here.

13.     There is an actual and justiciable controversy within the meaning of 28 U.S.C. § § 2201 and 2202 between Illumina and the Plaintiffs/Counterclaim Defendants with respect to infringement of the '578, '698, '0869, '3869, and '575 Patents.

14.     Illumina has not infringed any valid, enforceable claim of the '578, '698, '0869, '3869, and '575 Patents, either literally, or by equivalence, or under any theory, including direct infringement, infringement by inducement, or contributory infringement.

## PRAYER FOR RELIEF

WHEREFORE, Illumina prays that this Court enter judgment in its favor against Plaintiffs/Counterclaim Defendants as follows:

A.       Dismissing the Complaint with prejudice, and denying all relief sought in the Complaint;

B.       Finding that the claims of the '578, '698, '0869, '3869, and '575 Patents are invalid;

C.       Finding that Illumina has not and does not infringe any valid, enforceable claim in the '578, '698, '0869, '3869, and '575 Patents;

D.       Finding that this is an exceptional case under 35 U.S.C. § 285 and ordering Plaintiffs/Counterclaim Defendants to reimburse Illumina for its attorneys' fees and costs incurred in this action;

E.       Granting Illumina further relief as this Court deems just and reasonable under the circumstances.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*
Steven J. Balick (I.D. #2114)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendant*

*Of Counsel*:

David G. Hanson
Jessica Hutson Polakowski
Jessica L. Farley
REINHART BOERNER VAN DEUREN s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI  53202
(414)-298-1000

Dated:  June 4, 2012